IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BROADCAST MUSIC, INC.; SCREEN GEMS-EMI MUSIC, INC.; HOUSE OF CASH, INC.; RONDOR MUSIC INTERNATIONAL, INC. d/b/a IRVING MUSIC; GIBB BROTHERS MUSIC; CROMPTON SONGS; UNIVERSAL MUSIC-Z TUNES LLC d/b/a UNIVERSAL MUSIC Z SONGS; COREY FOWLER; CAHRON CHILDS; CHANTI GLEE; RUNWAY STAR MUSIC PUBLISHING; WARNER-TAMERLANE PUBLISHING CORP.,

Plaintiffs,

v.

THE ORCHARDS CORPORATION d/b/a THE ORCHARDS and MICHAEL KALATHAS, KONSTANTINO KALATHAS and ALEXANDRIA KALATHAS, each individually,

Defendants.

CIVIL ACTION NO.

COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Gibb Brothers Music is the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Universal Music-Z Tunes LLC is a limited liability company doing business as Universal Music Z Songs. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Corey Fowler is an individual. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Cahron Childs is an individual. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Chanti Glee is an individual. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Runway Star Music Publishing is a sole proprietorship owned by Ebony Star West. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Defendant The Orchards Corporation is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as The Orchards, located at 1580 Orchard Drive, Chambersburg, Pennsylvania 17201, in this district (the "Establishment").

17. In connection with the operation of the Establishment, Defendant The Orchards Corporation publicly performs musical compositions and/or causes musical compositions to be publicly performed.

18. Defendant The Orchards Corporation has a direct financial interest in the Establishment.

19. Defendant Michael Kalathas is a stockholder of Defendant The Orchards Corporation with responsibility for the operation and management of that corporation and the Establishment.

20. Defendant Michael Kalathas has the right and ability to supervise the activities of Defendant The Orchards Corporation and a direct financial interest in that corporation and the Establishment.

21. Defendant Konstantino Kalathas is an officer of Defendant The Orchards Corporation with responsibility for the operation and management of that corporation and the Establishment.

22. Defendant Konstantino Kalathas has the right and ability to supervise the activities of Defendant The Orchards Corporation and a direct financial interest in that corporation and the Establishment.

23. Defendant Alexandria Kalathas is an officer of Defendant The Orchards Corporation with responsibility for the operation and management of that corporation and the Establishment.

24. Defendant Alexandria Kalathas has the right and ability to supervise the activities of Defendant The Orchards Corporation and a direct financial interest in that corporation and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

25. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 24.

26. Since July 2009, BMI has reached out to Defendants over one hundred sixty-seven (167) times, by phone, in-person visits, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were

Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

27. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

28. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

29. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

30. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all

respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

31. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

32. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

33. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

November 18, 2016

Stanley H. Cohen
I.D. No. PA 12095 (SHC2946)
Caesar Rivise, PC
12th Floor, Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
Telephone: 215-567-2010
Facsimile: 215-751-1142
email: scohen@crbcp.com

Attorney for Plaintiffs

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Drivin' My Life Away |
| Line 3 | Writer(s) | Eddie Rabbitt, Even Stevens; David Malloy |
| Line 4 | Publisher Plaintiff(s) | Screen Gems-EMI Music, Inc. |
| Line 5 | Date(s) of Registration | 6/6/80 |
| Line 6 | Registration No(s). | PA 70-737 |
| Line 7 | Date(s) of Infringement | 6/26/16 |
| Line 8 | Place of Infringement | The Orchard |

---

| | | | | | |
|---|---|---|---|---|---|
| Line 1 | Claim No. | 2 | | | |
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues | | | |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash | | | |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. | | | |
| Line 5 | Date(s) of Registration | 2/13/84 | 1/13/83 | 9/14/56 | 11/30/55 |
| Line 6 | Registration No(s). | RE 196-295 | RE 153-380 | Ep 102326 | EU 418371 |
| Line 7 | Date(s) of Infringement | 6/26/16 | | | |
| Line 8 | Place of Infringement | The Orchard | | | |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Sitting On The Dock Of The Bay a/k/a Sittin' On The Dock Of The Bay |
| Line 3 | Writer(s) | Steve Cropper; Otis Redding |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 4/7/97 1/22/68 8/25/69 3/13/75 3/13/75 5/15/95 11/20/95 11/20/95 |
| Line 6 | Registration No(s). | RE 760-653 Eu 33492 Ep 264255 Ep 335846 Ep 335847 PAu 2-279-253 PAu 2-069-906 PA 809-368 |
| Line 7 | Date(s) of Infringement | 6/26/16 |
| Line 8 | Place of Infringement | The Orchard |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Stayin' Alive a/k/a Staying Alive |
| Line 3 | Writer(s) | Barry Gibb; Robin Gibb; Maurice Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and the Estate of Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 3/7/77 2/13/78<br>3/19/84 3/19/84 |
| Line 6 | Registration No(s). | Eu 761684 PA 178<br>PA 209-625 PAu 618-264 |
| Line 7 | Date(s) of Infringement | 6/26/16 |
| Line 8 | Place of Infringement | The Orchard |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Ignition |
| Line 3 | Writer(s) | Robert Kelly a/k/a R. Kelly |
| Line 4 | Publisher Plaintiff(s) | Universal Music-Z Tunes LLC d/b/a Universal Music Z Songs |
| Line 5 | Date(s) of Registration | 2/4/03 |
| Line 6 | Registration No(s). | PA 1-130-236 |
| Line 7 | Date(s) of Infringement | 11/13/15 |
| Line 8 | Place of Infringement | The Orchard |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Teach Me How To Dougie |
| Line 3 | Writer(s) | Ebony West; Corey Fowler; Cahron Childs; Chanti Glee |
| Line 4 | Publisher Plaintiff(s) | Corey Fowler; Cahron Childs; Chanti Glee; Ebony Star West, an individual d/b/a Runway Star Music Publishing; Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 6/27/11 |
| Line 6 | Registration No(s). | PA 1-744-864 |
| Line 7 | Date(s) of Infringement | 2/12/16 |
| Line 8 | Place of Infringement | The Orchard |

---